# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>MARK M. ALDERS,<br><br>              Defendant. | Case No. 1:06-CR-126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant's Motion to Reconsider, Modify or Reduce Sentence. For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

Defendant pled guilty to one count of conspiracy to launder money. In 2008, the Court imposed a sentence of 78 months imprisonment and 3 years of supervised release. Defendant started his term of supervised release in 2012, but violated his terms and was sentenced back to prison for 24 months to run consecutively to his state court sentence. He expects to complete his state court sentence on May 25, 2018, at which time he would begin serving his federal sentence of 24 months.

Defendant is not claiming his sentence was illegal but instead states that "this is a plea for leniency." He is asking the Court to restructure his sentence so that when he is released from his state sentence, the Court would "allow the defendant to transition to the

inpatient program at the Boise Rescue Mission."

## ANALYSIS

The Court has reviewed Defendant's request and supporting submissions and applauds his many accomplishments in state prison and his commitment to becoming a productive member of society upon his release. However, those factors do not constitute grounds for what is essentially a request for a reduction in sentence.

Once a sentence has been imposed, the Court may not modify a term of imprisonment except in certain limited circumstances, none of which is relevant here.[1] *See United States v. Bride*, 581 F.3d 888, 890 (9th Cir. 2009) (citing 18 U.S.C. § 3582(c)). *See also United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002) ("District courts do not have inherent authority to resentence defendants at any time.") (citation omitted).

Although the Court cannot grant Defendant's request, it strongly encourages him

---

[1] The Court does not have jurisdiction to consider a sentence reduction except in the following circumstances:

- The Bureau of Prisons files a motion for a sentence reduction after finding extraordinary and compelling reasons or determining that a defendant is at least 70 years of age, has served at least 30 years in prison on the offense of conviction, and does not present a danger to society. *See 18 U.S.C. § 3582(c)(1)(A)*.

- The Government files a motion under Rule 35 which allows a sentence reduction if the defendant has provided substantial assistance after sentencing. *See 18 U.S.C. § 3582 (c)(1)(B)* and *Fed. R. Crim. P. 35(b)*.

- The Sentencing Commission lowers the guideline range upon which a defendant has been sentenced. *See 18 U.S.C. § 3582(c)(2)*.

to continue to take advantage of the programs offered by the Bureau of Prisons to reinforce his stated goals.

## ORDER

**IT IS ORDERED** that Defendant's Motion to Reconsider, Modify and Reduce Sentence (docket no. 1291) is **DENIED**.

DATED:  **February 9, 2018**

B. LYNN WINMILL
Chief Judge
United States District Court